[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Reginald Hall, appeals the sentence imposed by the Hamilton County Court of Common Pleas after it accepted Hall's guilty plea to three counts of trafficking in drugs in violation of R.C.2925.03(A). At the sentencing hearing, the trial court informed Hall that he was subject to the post-release-control provisions of R.C. 2967.28
and the "bad time" provisions of R.C. 2967.11. Hall's counsel challenged the constitutionality of the statutes, and the trial court rejected those challenges. In a single assignment of error, Hall contends that the trial court erred in rejecting his constitutional arguments.
The Supreme Court of Ohio has recently addressed the constitutionality of R.C. 2967.28 and 2967.11. In Woods v. Telb,[1] the court held that the post-release control provisions of R.C. 2967.28 are constitutional, but, in a separate case, it held that the "bad time" provisions of R.C.2967.11 violate the constitutional doctrine of separation of powers.[2]
Therefore, we sustain Hall's assignment of error in part. Because R.C.2967.11 is unconstitutional, Hall cannot be subject to the imposition of "bad time." We vacate his sentence and remand this cause to the trial court to correct the sentencing entry to specifically state that Hall is not subject to the imposition of bad time.[3]
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103.
[2] State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132,729 N.E.2d 359, syllabus.
[3] See State v. Morris (Aug. 18, 2000), Hamilton App. No. C-000027, unreported. For the reasons stated in Morris, we reject the state's argument that the instant case is not ripe for appeal. The trial court explicitly accepted the state's ripeness argument in a judgment entry separate from the entry in which it sentenced Smith to incarceration.